UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NANCY EDDO, individually and as
PERSONAL REPRESENTATIVE OF THE
ESTATE OF KENNETH EDDO, deceased,

Plaintiff,

v.

XUZHOU SENYA PLYWOOD CO., LTD.,
a foreign corporation,

Defendant.

Case No. C08-5429RJB

ORDER ON EX-PARTE
MOTION FOR DEFAULT
JUDGMENT

This matter comes before the Court on the Plaintiff's Ex-Parte Motion for Default Judgment. Dkt. 15. The Court has considered the relevant documents and the remainder of the file herein.

On July 8, 2008, Plaintiff filed this diversity case alleging that Xuzhou Senya Plywood Co., Ltd. ("Xuzhou") negligently caused the death of Kenneth Eddo. Dkt. 1. Mr. Eddo was a longshoreman at the Port of Tacoma, in Tacoma, Washington. Dkt. 17, at 2. Plaintiff alleges in the Complaint that Xuzhou, a Chinese company, was shipping plywood in containers into the United States through the Port of Tacoma. Dkt. 1. Plaintiff alleges that Xuzhou negligently packed a container by "failing to use proper dunnage, failing to brace the contents of the container for transport, failing to warn, and failing to use customary methods to guard against the shift in the cargo." *Id.* Plaintiff alleges that as a result of Xuzhou's negligence, the container tipped over onto Mr. Eddo, killing him. *Id.*

The Washington State Department of Labor and Industries filed a report on the incident. Dkt. 16, at 15. The report notes that on November 10, 2006, at around 7:10 p.m., the "yard tractor driven by Mr. Kenneth Eddo and towing a 40' intermodal shipping container on a 40' chassis and suffered a rollover accident." *Id.* The report noted that Mr. Eddo died from his injuries at 5:18 a.m. on November 11, 2006. Dkt. 16, at 16.

On January 30, 2009, Plaintiff's Ex-Parte Motion for Default was granted. Dkt. 12. Upon review

of the record, the undersigned found that service of process on Xuzhou appeared to be proper pursuant to Fed. R. Civ. P. 4 and the applicable international treaties. *Id.* The Clerk of the Court then entered an order of default against Defendant Xuzhou for failing to plead or otherwise defend as provided by the Federal Rules of Civil Procedure. Dkt. 13.

Plaintiff now moves the Court to award her a default judgment against Xuzhou in the amount of $4,119,261.00. Dkt. 15.

Pursuant to Fed. R. Civ. P. 55(b)(1), "[i]f the Plaintiff's claim is for a sum certain . . . the clerk must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing." Fed. R. Civ. P. 55(b)(2) provides that "[i]n all other cases, the party must apply to the court for a default judgment."

## **FINDINGS AND CONCLUSIONS**

Accordingly, based on the record, the undersigned hereby **FINDS** and **CONCLUDES**:

Plaintiff is entitled to an award of $1,119,261 for the net loss of Mr. Eddo's future earning potential and loss of household services. In support of her motion, Plaintiff submitted the opinion of Robert W. Moss, an economist. Dkt. 16, at 3-11. Mr. Moss opined that Mr. Eddo, based upon his age, employment history, and actual earnings to the date of his death, had a total net loss of future wages and associated fringe benefits of $767,570. Dkt. 16, at 7. This amount was adjusted for likely personal consumption. *Id.* The evidence in the record indicates that Mr. Eddo was very handy around the house and was in the process of personally remodeling the family home's kitchen, bedroom, and living room. Dkt. 17, at 3. Mr. Moss further opined that the loss of Mr. Eddo's household services was in the amount of $351,691.00. Dkt. 16, at 8. Mr. Moss opined, then, that the net loss of Mr. Eddo's future earning potential and loss of household services is $1,119,261. Dkt. 16, at 8. Mr. Moss's opinion appears credible.

Plaintiff is entitled to an award of $2,500,000 in loss of consortium, love and affection for herself and Mr. Eddo's four children. Plaintiff files a Declaration stating that she and Mr. Eddo were married 33 years. Dkt. 17, at 1. She states that losing him was devastating. *Id.* She states that Mr. Eddo was very active in the lives of their four children, who were all over the age of 18 at the time of the accident. *Id.* Plaintiff's request $500,000 in loss of consortium, love, and affection for herself and each of their four children, for a total amount of $2,500,000, is warranted in this case. Dkt. 15.

Plaintiff is entitled to an award of $500,000 for pre-death pain and suffering. The record indicates that Mr. Eddo lived for several hours after he was injured. Dkt. 16 at 15-16. Plaintiff's request of $500,000 for pre-death pain and suffering is reasonable in the circumstances.

Plaintiff's attorney's Declaration (Dkt. 16, at 2) lists costs of $1,235.00 that Plaintiff has incurred, and is entitled to recover.

## **ORDER**

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Ex-Parte Motion for Default (Dkt. 15) is **GRANTED**;
- The Clerk of the Court is directed to enter an order of default judgment in the amount of $4,119,261.00, plus costs of $1,235.00, for a total judgment of $4,120,496.00 against Defendant Xuzhou Senya Plywood Co., Ltd. in favor of Nancy Eddo, individually and as personal representative of the Estate of Kenneth Eddo, deceased ; and
- The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 20th day of May, 2009.

*[signature: Robert J. Bryan]*

Robert J. Bryan
United States District Judge